UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

SEHAJVEER SINGH GILL,

Petitioner-Appellee,

v. Case No. 26-3600

MARKWAYNE MULLIN, Secretary of
U.S. Department of Homeland Security;
TODD M. LYONS, Acting Director, U.S.
Immigration and Custom Enforcement;
KEVIN RAYCRAFT, Field Office Director,
ICE Detroit Field Office,

Respondents-Appellants.

**APPELLANTS' MOTION TO HOLD APPEAL IN ABEYANCE**

Respondents-Appellants respectfully request that this Court hold this appeal in abeyance pending the resolution of appeal *Soto-Medina v. Raycraft*, No. 26-1283, (W.D. Mich., No. 1:25-CV-01704, filed Mar. 23, 2026)[1] currently before this

[1] On October 13, 2026, the government moved to consolidate *Soto-Medina* with *Jaimes v. King*, No. 26-1821 (E.D. Mich. 2:26-cv-11327, filed Sept. 16, 2026). (*See Soto Medina*, No. 26-1283, Mot. to Consolidate, Dkt. No. 14.) This motion included a request to extend the opening-brief deadline. (*Id.*) This Court has not yet ruled on the motion.

Court. That case involves the same issue of statutory interpretation as this appeal. Therefore, the interests of justice and judicial economy weigh in favor of holding this case in abeyance pending resolution of the *Soto-Medina v. Raycraft* case by this Court.

## BACKGROUND

Petitioner is a native and citizen of India who admits to unlawfully entering the United States on or about December 3, 2024, without being inspected and admitted or paroled. (R. 1 Pet., PageID # 1-2.) He was detained by immigration officials under 8 U.S.C. § 1225(b)(2). (*Id.* PageID # 7.) After his detention, he filed a habeas suit in federal court and argued that he did not fall within the scope of individuals subject to detention under § 1225(b)(2) and claimed that he was entitled to immediate release or a bond hearing under 8 U.S.C. § 1226(a). (*Id.* PageID # 7, 10.) The district court granted petitioner a writ of habeas corpus after concluding that petitioner was not subject to detention under § 1225(b)(2)(A) and ordered respondent to provide him with a bond hearing under § 1226(a) or, in the alternative, release him. (R. 7 Memo Op. & Order, PageID # 74-75.)

In compliance with the district court's order, the Cleveland Immigration Court held a bond hearing on April 26, 2026, and denied petitioner bond. (R. 10 Br. in Opp'n Attach. 1 Order of the Immigration Judge, PageID # 98-99.) Petitioner filed an Emergency Motion to Enforce Habeas Order contending that the

bond hearing violated the Due Process Clause because, *inter alia*, the Immigration Court placed the burden of proof on the Petitioner to prove that he was not a flight risk or danger to the community. (R. 9 Emergency Mot. to Enforce Habeas Order, PageID # 77-83.) The district court agreed and ruled that Petitioner's "continued detention without a bond hearing wherein the government bears the burden of proof by clear and convincing evidence is a violation of due process." (R. 12 Mem. Op. & Order, PageID # 110.)

There is currently an appeal pending before this Court in *Soto-Medina v. Raycraft*, No. 26-1283, (W.D. Mich., No. 1:25-CV-01704, filed Mar. 23, 2026), seeking to have this Court address the same issue. In that case, the respondents seek review of whether the Due Process Clause mandates that the government bear the burden of proof by clear and convincing evidence that a petitioner is a danger to the community or flight risk at an Immigration Court bond hearing. (*See Soto Medina*, No. 26-1283, Mot. to Consolidate, Dkt. No. 14.)

## ARGUMENT

This Court should hold this appeal in abeyance pending the resolution of *Soto-Medina v. Raycraft*, No. 26-1283, now before this Court. Since this appeal presents the same issue, holding this appeal in abeyance promotes judicial economy because this Court will not have to devote time and energy to reviewing the same issue twice. *See,* Order, *Shane Grp., Inc. v. Blue Cross Blue Shield of*

*Mich.*, Nos. 19-2260/19-2261/19-2336, 2020 WL 8163437, at *2 (6th Cir. Aug. 21, 2020) (holding appeals in abeyance because they presented similar issues to another pending appeal). Moreover, holding this appeal in abeyance will not prejudice Appellee because he has already received a bond hearing and released.

This appeal is a second appeal from the same district court case. (*See Gill v. Mullin,* No. 26-3528, (N.D. Ohio, No. 26-cv-00523, filed June.12, 2026; R. 13 Notice of Appeal PageID # 114.) This Court has already agreed to hold the first case (No. 26-3528) in abeyance and should similarly hold this appeal in abeyance. (Dkt. 5-2, Order.)

## CONCLUSION

This Court should hold this appeal in abeyance pending the resolution of *Soto-Medina v. Raycraft*, No. 26-1283, before this Court.

Respectfully submitted,

DAVID M. TOEPFER
United States Attorney
Northern District of Ohio

By: *s/James R. Bennett II*
JAMES R. BENNETT II
Assistant U.S. Attorney
801 W. Superior Ave., Suite 400
Cleveland, Ohio 44113
(216) 622-3988
(216) 522-4982
james.bennett4@usdoj.gov

Counsel for Appellants